IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY S. JURINA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-317 ) |
| GTS TRANSPORTATION CORP., FAIRRINGTON LLC, T LINES EXPRESS CORP., ATA USA TRUCKING, INC. and TIMUR ISAKOV, | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Presently pending before the Court is Plaintiff's Motion for Alternative Service, Brief in Support and accompanying Affidavit.

In federal court, a plaintiff may serve a defendant pursuant to the law of the state in which the district court sits, or in which service is to be effected. Fed. R. Civ. P. 4(e)(1); *McFadden v. Weiss*, No. 13-2914, 2014 WL 5880097, at *2 (E.D. Pa. Nov. 13, 2014); *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006). Thus, Plaintiff can satisfy Rule 4(e)(1) by serving Defendant in a manner consistent with either Pennsylvania or New York law.

Under Pennsylvania law, a plaintiff may serve an individual defendant outside the Commonwealth.

(1) by personal service, as provided in Pennsylvania Rule 402(a);

(2) by mail, as provided in Pennsylvania Rule 403; and

(3) as permitted by the law of the jurisdiction in which service is to be made.1

---

1 In New York, service of process is governed by Rule 2013 of the Civil Practice Law and Rules ("C.P.L.R."). Typically, service can be accomplished "by mailing the paper to . . . the address designated by that attorney for that purpose or, if none is designated, at the attorney's last known address." The statute further notes that "service by mail shall be complete upon mailing." C.P.L.R. 2013(b)(2) (service upon attorneys); accord C.P.L.R. 2013(c) (incorporating C.P.L.R. 2013(b)(2) for service upon a party).

*See* PA. R. Civ. P. 404(1)–(3).

If, however, "service cannot be made" outside the Commonwealth pursuant to the methods set forth in Pennsylvania Rule 404(1)–(3), the plaintiff "may move the court for a special order directing the method of service." *See* PA. R. Civ. P. 430(a) (emphasis added); *Calabro*, 464 F. Supp. 2d at 472 ("Alternative service is only appropriate when service 'cannot be made' under the applicable [Pennsylvania Rule]."). Such a motion for alternative service "*shall* be accompanied by an affidavit stating the nature and extent of the investigation [that] has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a) (emphasis added).

Under Pennsylvania law, the plaintiff must meet three conditions for alternative service. *McFadden*, 2014 WL 5880097, at *2 (citing *Calabro*, 464 F. Supp. 2d at 471– 72). First, the plaintiff "must make a 'good faith' effort to *locate* [the] defendant." *Calabro*, 464 F. Supp. 2d at 472 (citing *Grove*, 222 F.R.D. at 256; *Adoption of Walker*, 360 A.2d 603 (1976)) (emphasis in original).

> An illustration of a good faith effort to locate the defendant includes [:] (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

PA. R. Civ. P. 430(a). "It is not necessary that [the plaintiff] pursue every method listed in ...[Pennsylvania] Rule 430(a)...to satisfy the good faith effort requirement." *Calabro*, 464 F. Supp. 2d at 472 & n.4 (citing *Long v. Polidori*, No. 03-1439, 2003 WL 21278868, at *1 (E.D. Pa. May 29, 2003)).

Second, "once [the defendant] is located, [the plaintiff] must show that she has made practical efforts to *serve* [the defendant] under the circumstances," but has been unable to do so. *Id.* (citing *Clayman v. Jung*, 173 F.R.D. 138, 142 (E.D. Pa. 1997)) (emphasis in original). "[The]

[p]laintiff bears the burden to show that these efforts were made." *McFadden*, 2014 WL 5880097, at *4. With respect to this requirement, courts in the Third Circuit have

> found a plaintiff's efforts to be sufficient when he or she has made six attempts at service,...or repeated attempts[,]...including a stake out....On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day[,]...or when two attempts were made on consecutive days of the week with the first being made to a vacant office.

*Viking Ins. Co. of Wis. v. Rivas*, No. 12-6899, 2013 WL 1842229, at *3 (E.D. Pa. May 1, 2013) (quoting *Olympic Steel, Inc. v. Pan Metal & Processing, L.L.C.*, No. 11-0693, 2011 WL 6739447, at *3 (E.D. Pa. Dec. 21, 2011)); *cf. Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) ("To claim that the single service attempt under these circumstances satisfies the practical efforts standard requires a substantial reinterpretation of the standard itself.").

Third, assuming the plaintiff "satisfied the first two steps, [the plaintiff's] proposed alternate means of service must be reasonably calculated to provide [the defendant] with notice of the proceedings against him [or her]." *Calabro*, 464 F. Supp. 2d at 472 (citing *Clayman*, 173 F.R.D. at 140; *Penn v. Raynor*, No. 89-553, 1989 WL 126282, at *4 n.3 (E.D. Pa. Oct. 18, 1989); *Kittanning Coal Co. v. Int'l Mining Co.*, 551 F. Supp. 834, 838 (W. D. Pa. 1982)). As the court in *Calabro* noted:

> Service of process is not a mere technicality. Rather, constitutional due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

We have reviewed the pending motion and the attached affidavit and conclude Plaintiff has met the first two conditions.  Plaintiff's attorney has filed an affidavit of Rodney Troupe, licensed private detective, attesting to the attempts to serve the registered agent for ATA USA Trucking, Inc.,

Timur Isakov.[2] Plaintiff has engaged in good faith efforts to locate Defendant's address, has made practical efforts to serve it through traditional means under the circumstances. Four in-person attempts were made, and two out of the four resulted in a female answering the door and stating Timur Isakov was not at home. On the day of the fourth attempt at in-person service, the same female stated there was no one at the residence named Timur Isakov nor a company known as ATA USA Trucking, Inc. The detective believes she was evasive in that response. The attempts to effectuate service were conducted on different days of the week and at different times of the day.

The proposed alternative methods of service must be reasonably calculated to provide Defendant with notice of the pending proceedings. Plaintiff proposes serving ATA USA Trucking, Inc. through first class mail directed to the known address of Timur Isakov, citing concerns over the COVID-19 pandemic. In the alternative, Plaintiff asks that service be permitted through first class mail to the known address of Isakov and posting upon the door at Isakov's residence. Given the history of apparent evasion, we are inclined to permit alternative service. Out of an abundance of caution, we direct Plaintiff to provide notice in an appropriate legal publication.

AND NOW, this 1st day of May, 2020, upon consideration of Plaintiff's Motion for Alternative Service (ECF No. 84), and for good cause shown, it is ORDERED that the Motion is GRANTED and that:

1. Plaintiff shall serve the Summons and Amended Complaint upon Defendant ATA USA TRUCKING INC:

> a. By mailing via United States certified mail and first class regular mail to the known address of Timur Isakov, ATA's designated agent for service of process, represented here to be 1615 E 10th Street, Apt. 1R, Brooklyn, New York 11223;

---

[2] Isakov is also a defendant in this case against whom default has been entered.

      b. By posting at the Timor Isakov's residence; and

      c. By advertising a notice of the action in appropriate legal publication located in Brooklyn, NY.

2. The deadline for service shall be extended an additional 45 days.

3. Service shall be complete and effective upon filing proof of service as directed.

        s/*Robert J. Colville*
        Robert J. Colville
        United States District Judge

cc/ecf: All parties of Record